IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rev. Willie Johnson, #127069, ) | |
| ) | CIVIL ACTION NO. 9:08-0431-PMD-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| John Ozmint, Director of the South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to, inter alia, 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the Defendant Ozmint, Director of the South Carolina Department of Corrections.[1]

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on May 6, 2008. Since the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 7, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.

After receiving an extension of time to respond, the Plaintiff filed a memorandum in opposition to the Defendant's motion on July 2, 2008, together with a second document he styled

---

[1]This action was originally filed in the South Carolina Court of Common Pleas, Fifth Judicial Circuit. It was removed by the Defendant to Federal Court on February 7, 2008 on the basis of federal question jurisdiction.



"Motion to Enforce Existence (sic) Judgment", in which he asked this Court to order the Defendant to comply with rulings of the United States Supreme Court. These motions are now before the Court for disposition.[2]

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges in his verified complaint and supplemental complaint[3] that on or about

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]These two documents were essentially submitted together. In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified

2



August 6, 2007, his unit in the prison was placed on an unjustified "lock down", and that he and other inmates thereafter received only "bag meals" that fell below the standard of USDA nutritional requirements. Plaintiff further alleges that following a "shake down" conducted on October 2, 2007, he and the other inmates were again provided with only "bag meals" that were not nutritionally adequate.

Plaintiff also complains that he was not allowed to provide "due notice" to "his visitor" that visitation had been canceled.[4] Plaintiff complains that the inspections and "shake downs" conducted by prison officials are improper because the general population of the prison is not being given notification that these inspections are going to be conducted, resulting in inmates not being able to notify visitors that they will not be able to see the inmate they were coming to see. Plaintiff then again complains about the "bag meals" provided to inmates on October 23 through October 27, 2007, and that these meals did not satisfy the requirements of the "Nelson Consent Decree".[5]

In addition to his complaints about food and visitation, Plaintiff also complains that during the time period he was confined in his cell, he was not allowed to exercise in violation of his

---

Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[4]This was apparently during a second lock down on August 24, 2007.

[5]The "Nelson Consent Decree" arose out of a case originally filed as Nelson v. Leeke, Civil Action No. 82-876. After the original named Plaintiff was released, Gary Plyler was substituted as the named Plaintiff. However, because the consent decree was entered while Nelson was the named defendant, it is generally referred to as the Nelson Consent Decree. That consent decree is no longer in effect. Plyer v. Moore, 100 F.3d 365 (4th Cir. 1996) cert. denied, 520 U.S. 1277 (1997); Littlejohn v. Blanton, No. 08-242, 2008 WL 701385 at * 2 (D.S.C. Mar. 13, 2008). In any event, if an alleged deprivation was not of a constitutional magnitude before the decree, the entry of that settlement order does not transform the deprivation into a constitutional issue.

3



rights under the Eighth Amendment. Specifically, he was deprived of his "right" to perform out-of-cell exercise. Plaintiff also complains that he was "triple celled" for a period of time, which also violated his constitutional rights, and that the general conditions of his confinement were unconstitutional due to problems relating to visitation, access to the law library, access to the mail room and in general access to the courts, access to clean sheets and clothes and a shower, and access to medical treatment. In a second "supplemental" complaint, Plaintiff complains that the lock downs and inspections he complains of denied him the opportunity to visit with loved ones during the Christmas and holiday season. Plaintiff also continues to cite to the general, and allegedly unconstitutional, conditions of his confinement as earlier discussed, and asserts that the Defendant also committed a conspiracy against civil rights in violation of S.C. Code Ann. § 16-5-10. Plaintiff seeks monetary damages. See generally Complaint and Supplemental Complaint.

The Defendant presents several arguments as to why he is entitled to summary judgment in this case, including the doctrines of qualified immunity and lack of respondeat superior liability. However, the Defendant also asserts, inter alia, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit, and after careful review of the arguments and evidence presented to this Court, the undersigned is constrained to agree, at least with respect to Plaintiff's federal claims. Therefore, Defendant's other arguments for dismissal have not been addressed.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[6] under section 1983 of this Title, or any other federal law, by a prisoner confined in any

---

[6]There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:



jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001);  see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v.Galloway, 266 F.3d 718 (7th Cir.  2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff].  Accordingly, before Plaintiff may proceed with his federal claim in this Court, he must first exhaust his administrative remedies through the grievance process of the South Carolina Department of Corrections.  See Harris v. SCDC, No. 08-22, 2008 WL 4616773 at *6 (D.S.C. Oct. 16, 2008) [Outlining grievance procedures for § 1983 claim]

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies.  See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant].  To meet this burden, the Defendant has submitted an affidavit from Sandra Bowie, acting Chief of the Inmate Grievances Branch of the South Carolina Department of Corrections.  Bowie attests that Plaintiff filed only two grievances in 2007, neither

---

[T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See also Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999);  Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (per curiam)).

5



of which address any concerns over institutional food, overcrowding, or any other denial of his rights. See generally, Bowie Affidavit.

For his part, Plaintiff does not address exhaustion of administrative remedies in his complaint(s), but in his memorandum opposing summary judgment, Plaintiff concedes that he did not even attempt to exhaust administrative remedies on these claims, arguing instead that exhaustion was not required.[7] However, Plaintiff's general and conclusory argument that he was not required to even attempt to exhaust his administrative remedies with respect to his claims because exhaustion was not required and/or would have afforded him no remedy, does not constitute grounds for allowing this case to proceed absent exhaustion. Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility].[8]

---

[7] Plaintiff also lists some issues that, he contends, are non-grievable under the Department of Corrections grievance policy. See Plaintiff's Memorandum in Opposition, p. 8. However, even if true, Plaintiff's claims do not fall under any of the issues listed.

[8] As attachments to his memorandum in opposition, Plaintiff has also submitted two Request to Staff Member forms, one from 2004 and one from 2008. However, to the extent either of these Request to Staff forms even relate to the claim Plaintiff is asserting in this lawsuit (which is not apparent), Request to Staff forms are not grievances, and therefore Plaintiff being dissatisfied with responses he received to his inmate request forms, assuming that were to be the case, would not constitute the exhaustion of the prison grievance process. Rather, to exhaust his administrative remedies, Plaintiff would have had to have pursued *grievances* concerning these issues if he did not receive the response(s) he desired to his request forms. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy]. Further, even if Plaintiff's Request to Staff Member form from 2008 had been a grievance, the fact the Plaintiff filed a grievance either before or during the pendency of this lawsuit would not allow him to proceed with his claims if that grievance had not been completed prior to the filing of the lawsuit. Graham v. Perez, 1212 F.Supp 2d 217, 322 (S.D.N.Y. 2000) [where prisoner files grievance but fails to afford prison officials adequate time to investigate and respond before filing his complaint, prisoner has failed to exhaust available administrative remedies]; Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].



In sum, the Defendant's evidence, and in deed Plaintiff's own Memorandum in Opposition, support a finding by the Court that Plaintiff failed to exhaust his administrative remedies with respect to his federal claims prior to filing this lawsuit. Therefore, the Defendant is entitled to summary judgment, and these claims should be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a); Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; *Cf*. Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

Finally, in addition to the federal constitutional claims discussed hereinabove, Plaintiff has apparently asserted one or more state law claims in this case, which (as previously noted) was originally filed in State Court. With respect to these remaining state law causes of action, when federal claims presented in a case which has been removed to federal court from state court are dismissed, the case should be remanded to state court for resolution of any remaining state law claims under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See also In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Mellon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). Remand of this action to state court will not only allow the more appropriate court to rule on these remaining state law issues, but will not prejudice the parties, as the parties may seek a fast track for resolution of these claims at the state level. See Rule 40(c), S.C.R.C.P.

7



## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that Plaintiff's federal §1983 claims be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

If the Court adopts the recommendation contained herein with respect to Plaintiff's federal claims, it is further recommended that this case be **remanded** back to state court for disposition of Plaintiff's remaining state law causes of action. United Mine Workers v. Gibbs, supra; see also S.C.Code Ann. § 15-78-20(e) [providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

October 24, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



9