IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rev. Willie Johnson, #127069 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>John Ozmint, Director of the South )<br>Carolina Department of Corrections, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 9:08-CV-0431-PMD-BM<br><br>**ORDER** |

This matter is before the court upon Plaintiff Willie Johnson's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Plaintiff's Complaint be dismissed, without prejudice, for failure to exhaust his administrative remedies. Having reviewed the entire record, including the Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff, a prisoner appearing *pro se*, alleges violations of his constitutional rights by Defendant John Ozmint ("Defendant"), Director of the South Carolina Department of Corrections. He alleges that, on August 6 and 24, 2007, Defendant placed his prison unit on unjustified "lockdowns" and that he and other inmates received only "bag meals" that fell below the standard USDA nutritional requirements. Plaintiff further alleges that following a "shake down" conducted on October 2, 2007, Defendant, again, only provided him and other inmates with bag meals that were nutritionally inadequate. Plaintiff also complains that the prison officials conducted their inspections and "shake downs" without giving inmates notification,

resulting in inmates not being able to notify visitors that they would not be able to visit inmates on those days. Plaintiff again complains that the "bag meals" provided to him between October 23 and October 27, 2007 did not satisfy the "Nelson Consent Decree" requirements, and because he was confined in his cell during these lock downs, he was not allowed to perform out-of-cell exercise in violation of his Eighth Amendment rights. Plaintiff also complains that he was "triple-celled" for a period of time, which violated his constitutional rights. Furthermore, Plaintiff asserts that the general conditions of his confinement due to additional lockdowns were unconstitutional; specifically, lockdown confinement denied him the following: visitation, access to the law library, access to the mail room, religious activities, hot meals, and, in general, access to the courts, clean sheets, clothes, a shower, and medical treatment. Plaintiff also alleges that Defendant committed a conspiracy against his civil rights. Plaintiff asks the court for monetary damages.

On May 6, 2008, Defendant moved for summary judgment based on several grounds. The Magistrate Judge recommended that Defendant be granted summary judgment since Plaintiff has failed to exhaust his administrative remedies.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the

R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PLAINTIFF'S OBJECTIONS

### A. Plaintiff's Failure to Exhaust His Administrative Remedies

The Magistrate Judge recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's section 1983 claims be dismissed, without prejudice, based on his failure to exhaust his administrative remedies. Since the court agrees with the Magistrate Judge's recommendation, it does not address Defendant's other arguments for dismissal of Plaintiff's Complaint.

The Prison Litigation Reform Act of 1995 mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit to contest the conditions of their confinement. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a). Thus, there is no question that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 212 (2007) (citation omitted). The Supreme Court has held that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by

3

the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81 (2006)). In this case, Defendant provided an affidavit of Sandra S. Bowie, the Acting Chief of the Inmate Grievances Branch, in which she attested that Plaintiff only filed two grievances in 2007 and that neither of them expressed concern over the issues raised in Plaintiff's Complaint, including institutional food, overcrowding, or any other denial of his rights. Thus, the record reflects that Plaintiff has not even initiated the administrative procedure available to remedy his complaints.

Plaintiff objects to the Magistrate Judge's recommendation on the ground that he was not required to exhaust the available administrative remedies because "exhaustion is inappropriate when an administrative remedy can be deemed inadequate because the administrative agency is shown to be biased or has otherwise predetermined the issue before it." The court disagrees. Plaintiff does not challenge the administrative procedure itself; rather, he complains about the "conditions"[1] of his confinement caused by various lockdowns implemented by Defendant. As stated above, the law requires that he exhaust all available administrative remedies before he file suit with the court over such issues. Plaintiff also objects to the Magistrate Judge's recommendation on the ground that Defendant waived the exhaustion requirement. The court disagrees with this objection as well. Defendant pled Plaintiff's failure to exhaust his administrative remedies as an affirmative defense in his Answer and argued it as a reason to dismiss Plaintiff's Complaint in his Motion for Summary Judgment.

Since Plaintiff has not provided any evidence to counter Ms. Bowie's attestation that he has not exhausted his administrative remedies, the court agrees with the Magistrate Judge's

---

[1] There is no definition for the term "prison conditions" contained in § 1997e. Another code section, enacted as part of the Prison Litigation Reform Act to address suits by prisoners for prospective relief, defines "civil actions with respect to prison conditions" as "any civil proceeding arising under Federal law with respect to the conditions of confinement *or the effects of actions by government officials on the lives of persons confined in prison* . . . ." 18 U.S.C. § 3636(g)(2)(emphasis added).

4

recommendation that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed.

B. **Any Remaining State Law Claims**

Defendant effectively removed this case from state court to federal court February 29, 2008. Section 1983, however, does not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189 (1989). Because the court grants Defendant's Motion for Summary Judgment on all of Plaintiff's claims for which it has original jurisdiction, the court remands to state court any additional claims for relief under state law, to the extent Plaintiff's complaint can be interpreted to state such, for want of jurisdiction. 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *see also* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant John Ozmint's Motion for Summary Judgment is **GRANTED**, and Plaintiff Willie Johnson's Complaint is **DISMISSED**, without prejudice, based on Plaintiff's failure to exhaust his administrative remedies.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 2, 2009**

5